**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| TRENT STEPHEN CASTLE, | ) | Case No. 13-45120 |
| | ) | |
| Debtor. | ) | Hon. Jacqueline Cox |

**COVER SHEET FOR APPLICATION
FOR PROFESSIONAL COMPENSATION**

Name of Applicant:   BRUCE DE'MEDICI

Authorized to Provide Professional Services to: Trustee

Date of Order Authorizing Employment: May 14, 2014

Period For Which Compensation is Sought:  From April 4, 2014 through present

Amount of Fees Sought:  $ 7,350.00

Amount of Expense Reimbursement Sought:  $ 0.00

This is a(n):  Interim Application __   Final Application  X

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period | Total Period Requested and Expenses | Fees Allowed | Any Amount Total Ordered Withheld |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |
|  |  |  |  |  |

1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | No. 13-45120 |
| | ) | |
| Trent Stephen Castle | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | Chapter 7 |

**SUMMARY SHEET FOR FINAL
APPLICATION FOR COMPENSATION
28 C.F.R. Ch. I, Part 58, Appendix A**

| | |
|---|---|
| TOTAL COMPENSATION SOUGHT THIS PERIOD | $7,350 |
| TOTAL EXPENSES SOUGHT THIS PERIOD | -0- |
| TOTAL COMPENSATION APPROVED BY INTERIM ORDERS | -0- |
| TOTAL EXPENSES APPROVED BY INTERIM ORDERS | -0- |
| TOTAL ALLOWED COMPENSATION PAID TO DATE | -0- |
| TOTAL ALLOWED EXPENSES PAID TO DATE | -0- |
| PROFESSIONALS INCLUDED IN THIS APPLICATION | Bruce de'Medici |
| HOURLY RATE | $425/$450 |
| DATE OF BAR ADMISSION | 1983 in IL |
| TOTAL HOURS BILLED | 16.5 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 13-45120 |
| | ) | |
| Trent Stephen Castle | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | Chapter 7 |

**FINAL APPLICATION OF COUNSEL
FOR TRUSTEE FOR COMPENSATION**

Bruce de'Medici respectfully submits this final application for the allowance and payment of compensation of $7,350 pursuant to sections 330(a) and 503(b) of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq*., for services rendered to David R. Herzog, in his capacity as trustee, and states in support as follows:

**I
STATEMENT IN SUPPORT OF APPLICATION**

A.  US TRUSTEE GUIDELINES AND 28 C.F.R. PART 58, APPENDIX A.

**Information about de'Medici and the application:**

(i) Case information

| APPLICANT | Bruce de'Medici |
|---|---|
| PETITION DATE | 11/21/13 |
| DATE OF ORDER APPROVING EMPLOYMENT | 5/14/14 |
| CLIENT | David R. Herzog, as trustee |

(ii) Terms/conditions of employment

The Trustee employed de'Medici at his hourly rate and pursuant to 11 U.S.C. **§**327(a).  The application before the Court does not include any time for which the Court entered an award or the estate remitted payment.  The Trustee did not provide a retainer.  The Trustee did not 'promise' any payments to de'Medici.  de'Medici's request is not subject to any budgets, caps, or limitations on fees or costs.

2

(iii) <u>Summary of timekeepers:</u>

| NAME | HOURLY RATE |
|------|-------------|
| Bruce de'Medici | $425/$450 |

de'Medici's hourly rate is based upon customary compensation charged by comparably skilled practitioners in bankruptcy cases.

(iv) <u>Application information:</u>

This is a final application. No prior applications.

(v) <u>Client review and approval</u>

The Trustee has been given the opportunity to review this application and approved the amount of compensation requested.

(vi) <u>Time period of services/expenses</u>

4/14/14 – 4/5/15

**Case Status:**

| MONIES RECEIVED AND DISBURSED | Approx. $72,400 |
|---|---|
| EXPECTED DATE FOR FINAL REPORT | Contemporaneous with this application |
| CASH ON DEPOSIT | Approx. $72,400 |
| ACCRUED ADMINISTRATIVE EXPENSES | Trustee compensation and fees requested herein. |
| UNENCUMBERED FUNDS IN THE ESTATE | Approx. $72,400 |

B.   PROJECT SUMMARY

In compliance with the applicable standards for preparing fee applications, de'Medici set forth below a narrative description of project categories, their necessity and benefit to the estate, and their status. de'Medici also set forth statement of the hours spent and the amount of compensation requested, and attached detailed time records in chronological order, for each category.

3

i.     EMPLOYMENT OF PROFESSIONALS

1.     de'Medici provided 1.6 hours in performing services under this category, at a value of $680.  A copy of the entries for these services is included within Exhibit "i".

2.     The Trustee determined that he required the services of counsel to represent him in recovering the interest of the estate in its share of proceeds from the Debtor's pre-petition sale of the residence that he and his former spouse owned.  At the Trustee's direction, de'Medici prepared the application for the Trustee to retain counsel. (Dkt. #20).  This Court entered its order granting the application (Dkt. #22) and de'Medici provided representation to the Trustee in his administration of this estate.  These services benefitted the Trustee and the estate and de'Medici is entitled to be compensated for them.

ii.    LIQUIDATION OF ASSETS

3.     de'Medici provided 12.8 hours in performing services under this category, at a value of $5,725.  A copy of the entries for these services is included within Exhibit "ii".

4.     Prior to when the Debtor filed his petition for relief, the Circuit Court of Cook County entered a Judgment for Dissolution of Marriage in the case entitled *In re the Marriage of Trent Stephen Castle and Sharyn Marie Castle* and, *inter alia*, approved a Marital Settlement Agreement that the Debtor and Ms. Procaccio had executed.  Pursuant to the Marital Settlement, the Debtor and Ms. Procaccio provided for the sale of their former marital residence and agreed that upon consummation of any sale of the former marital residence, the proceeds would be disbursed first for expenses of sale, second for payment of claims, *viz.*:

    i.     $30,000 to Fifth Third Bank for payment of the first mortgage; and

    ii.    $99,100.66 ("or such lesser sum as negotiated") to Vital Recovery Collections for the second mortgage;

4

with the proceeds remaining after payment of the foregoing to be allocated with the Debtor receiving 70% and Ms. Procaccio receiving 30%. Also prior the Debtor filing his petition, he and Ms. Procaccio closed on a sale of the former marital residence. The closing statement for the sale reflected that net proceeds of $103,554.73 were paid into an escrow account with Chicago Title and that those funds were held in escrow.

5.  The Trustee requested the turnover of the estate's share of those net proceeds and both Chicago Title and Ms. Procaccio refused, with Ms. Procaccio demanding that the net proceeds be used for paying the claims listed in the Marital Settlement (outside of the provisions of the Bankruptcy Code and the review of this Court). Ms. Procaccio filed a motion to compel the Trustee to consent to use of the net proceeds to pay those claims (Dkt. #25) and de'Medici successfully defended the motion, with this Court denying it. (Dkt. #30). The Trustee instructed de'Medici to prepare and prosecute a complaint for turnover of the estate's share of the net proceeds from Chicago Title and Ms. Procaccio. de'Medici prepared the pleading for this relief and commenced the adversary proceeding against Chicago Title and Ms. Procaccio (Dkt. #29). The parties entered into negotiations for resolving the adversary and without having to expend significant fees, Ms. Procaccio agreed to resolve the proceeding and consent to Chicago Title turning the estate's share of the net proceeds over to the Trustee, for the Trustee in turn to use to pay claims filed against the estate through his final report and pursuant to the provisions of the Bankruptcy Code. The Court entered its order for this resolution (Dkt. #21) and Chicago Title tendered slightly over $72,400 to the Trustee. The primary fees that de'Medici incurred in connection with the adversary were status appearances before this Court for Ms. Procaccio's counsel to report on her negotiations with Fifth Third Bank to file an amended claim against the estate and release her from individual liability to them after the Trustee's payment on their claim;

5

Ms. Procaccio's negotiations on this enabled the parties to resolve the adversary without proceeding to more time-consuming stages of discovery and contested hearings.

6. The proceeds from the sale are the funds with which the Trustee is paying a distribution on pre-petition claims. These services benefitted the estate and de'Medici is entitled to be compensated for them.

### iii. PREPARATION OF FEE APPLICATION

7. de'Medici provided 2.1 hours in performing services under this category, at a value of $945. A copy of the entries for these services is included within Exhibit "ii".

8. In preparing the Application, Bruce de'Medici has complied with the standards which are set forth in the opinions in *In re Continental Illinois Securities Litigation*, 572 F.Supp. 931 (N.D. Ill. 1983), *In re Pettibone Corp.*, 74 B.R. 293 (Bankr. N.D. Ill. 1987) and *In re Wildman*, 72 B.R. 700 (Bankr. N.D. Ill. 1987), Local Rule 5082-1, and the guidelines of the Office of the United States Trustee. de'Medici is entitled to be compensated for preparing the Application, in accordance with *In re Alberto*, 121 B.R. 531 (Bankr. N.D. Ill. 1990); *In re NuCorp Energy, Inc.*, 764 F.2d 655 (9th Cir. 1985).

## II
## ALLOWANCE OF COMPENSATION

A. STANDARDS FOR DETERMINING ALLOWANCE

9. Section 330 of the Bankruptcy Code provides, in relevant part:

(a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103 —
    (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
    (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

6

10. Pursuant to 11 U.S.C. §330, professionals applying for fees must demonstrate that their services were actual, necessary, and reasonable. Bankruptcy Rule 2016 requires that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016.

11. To be compensable, services that professionals render to a debtor must produce a benefit to the estate. *In re Grabill Corp.*, 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted). In assessing the reasonableness of attorneys' fees under 11 U.S.C. §330, Judge Squires considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In re McNichols*, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

12. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently.

7

*In re Boston and Maine Corporation*, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).  The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. *See Steinlauf v. Continental Illinois Corp. (In the Matter of Continental Illinois Sec. Lit*.), 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . .").  Similarly, as Judge Squires reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).  These factors are applicable to the fee arrangement between de'Medici and the Trustee.

B.     APPLICATION OF RELEVANT CRITERIA AND STANDARDS

13.     In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and provided by de'Medici, the reasonableness of the services rendered, and the results achieved.  All of the services performed by de'Medici were required for the proper representation of the Trustee in this case, authorized by the Court, and performed by de'Medici at the request and direction of the Trustee.  Further, the amount of services rendered by de'Medici to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the issues involved in this case.

14.     Pursuant to 11 U.S.C. §331 and the generally applicable criteria of the time, nature, extent, and value of the services performed, all of de'Medici's services are compensable; again, de'Medici is not seeking compensation for all of his services.  The experience and

8

expertise in bankruptcy cases and the quality of the services brought to this case by de'Medici further support the compensation for which de'Medici seeks allowance. The rates at which de'Medici seeks compensation are his standard hourly rates. de'Medici's hourly rates and hours for which compensation is sought are reasonable and appropriate. The request for allowance is within an acceptable range for comparable legal services in the Chicago metropolitan legal community and fair given the efforts required of de'Medici in this case and the risk of non-payment; the Trustee has recovered funds for the estate through the efforts outlined in this application and in the absence of the recoveries the estate would have had no funds for a distribution to creditors.

C.      REDUCED BILLING

15.     de'Medici did not bill for all of his time on this file. The primary unbilled tasks were communications with the Trustee and Ms. Procaccio's counsel.

### III
### STATEMENT PURSUANT TO 11 U.S.C. §504
### AND BANKRUPTCY RULE 2016(a)

16.     Except to the extent that under 11 U.S.C. §504(b)(1) a professional may share compensation within that party's firm, de'Medici has not agreed to share with any person, firm, or entity any award of fees which he may receive for having represented the Trustee in this case. Furthermore, there is no agreement between de'Medici and any other party for sharing compensation that any other person, firm or entity receives in connection with representing the Trustee in this case.

9

## IV
## REQUEST FOR RELIEF

WHEREFORE, Bruce de'Medici as counsel for the Trustee for Trent Stephen Castle, prays that pursuant to 11 U.S.C. §§330(a) and 503(b) this Court allow final compensation in the amount of $7,350, authorize the Trustee to remit payment thereon, and grant such further relief as is just.

    Respectfully Submitted,
    Bruce de'Medici

    By   /s/ Bruce de'Medici

Bruce de'Medici (ARDC #6184818)
17W703 Butterfield Road, #G
Oakbrook Terrace, Illinois 60181
Tel: 312.731.6778
Email: bdemedici@bdmlawgroup.com

# Fee Breakdown

| CATEGORY | HOURS |
|---|---|
| **Employment of Professionals** | **1.6** |
| **Liquidation of Assets** | **12.8** |
| **Fee Application** | **2.1** |
| TOTAL | 16.5 |

| CATEGORY | FEES |
|---|---|
| **Employment of Professionals** | 680 |
| **Liquidation of Assets** | 5,725 |
| **Fee Application** | 945 |
| TOTAL | 7,350 |

Exhibit i

# Bruce E. de'Medici
## Attorney at Law
17W703 Butterfield Road, #G
Oakbrook Terrace, Illinois 60181
Telephone: 312.731.6778
Email: bdemedici@bdmlawgroup.com

David R. Herzog/trustee
Trent Stephen Castle

4/4/15          INVOICE - PROFESSIONALS

| Date | Description | Time | Amount |
|---|---|---|---|
| 5/7/14 | Prepare application employ counsel | 0.9 | 382.50 |
| 5/14/14 | Court - application to employ counsel | 0.7 | 297.50 |
| | **TOTAL BILLING** | 1.6 | **$680.00** |

Exhibit ii

# Bruce E. de'Medici
## Attorney at Law
17W703 Butterfield Road, #G
Oakbrook Terrace, Illinois 60181
Telephone: 312.731.6778
Email: bdemedici@bdmlawgroup.com

David R. Herzog/trustee
Trent Stephen Castle

4/4/15                           INVOICE - ASSETS

| Date | Description | Time | Amount |
|---|---|---|---|
| 4/14/14 | Overview of case and legal tasks | 0.7 | 297.50 |
| 4/14/14 | t/c w/ Matt Wasserman, counsel for the debtor's spouse, to discuss the interests of the bankruptcy estate and debtor's spouse in the proceeds from the sale of the residence | 0.2 | 85.00 |
| 4/14/14 | Review marital dissolution judgment | 0.5 | 212.50 |
| 7/2/14 | Review motion to compel the trustee to abandon interest of estate in net proceeds from sale of debtor's former residence | 0.9 | 405.00 |
| 7/2/14 | Memorandum to Mr. Herzog to review response to motion to compel the trustee to abandon interest of estate in net proceeds from sale of debtor's former residence | 0.1 | 45.00 |
| 7/5/14 | Review debtor's motion to compel trustee to abandon interest in marital residence sale proceeds | 0.7 | 315.00 |
| 7/5/14 | Prepare complaint for turnover | 1.2 | 540.00 |

| Date | Description | Hours | Amount |
|---|---|---|---|
| 7/8/14 | Final edits to complaint for turnover of seventy percent of the net proceeds from the sale of the debtor's former residence | 0.9 | 405.00 |
| 7/15/14 | Court - hearing on debtor's motion to compel trustee to abandon interest in sale proceeds | 0.7 | 315.00 |
| 7/16/14 | Memorandum to counsel for Ms. Castle to request voluntary turnover of the estate's seventy percent of net proceeds from sale of the former residence | 0.1 | 45.00 |
| 7/23/14 | Memorandum to counsel for Ms. Procaccio to confirm service of the complaint and summons through her counsel | 0.1 | 45.00 |
| 7/31/14 | Conference with Mr. Herzog to review the merits of the turnover action and strategy to bring the proceeding to a quick resolution . | 0.2 | 90.00 |
| 7/31/14 | Call to Mr. Wasserman to schedule a meeting to discuss resolution | 0.1 | 45.00 |
| 8/1/14 | Memoranda to counsel for Procaccio and Chicago Title to schedule a time to discuss resolution | 0.1 | 45.00 |
| 8/5/14 | t/c with Tony D'Agostino to structure a method for reaching a resolution of the adversary | 0.1 | 45.00 |
| 8/30/14 | Review Procaccio answer | 0.7 | 315.00 |
| 9/11/14 | t/c with Tony D'Agostino for him to update me on his negotiations with debtor's counsel to negotiate down the claim of Vital Recovery, that Vital Recovery notified him that Fifth Third Bank holds that claim, discussion of implication that Fifth Third only filed a claim for $50,000 although Vital Recovery held a claim for approx. $99,000 | 0.5 | 225.00 |
| 9/17/14 | Court - continued status on turnover against Procaccio | 0.7 | 315.00 |

Herzog/Castle                                2                                Assets

| Date | Description | Hours | Amount |
|---|---|---|---|
| 9/17/14 | Meeting with Mr. D'Agostino to review updates on his negotiations with Fifth Third Bank about releasing Ms. Procaccio and wrapping up the adversary | 0.4 | 180.00 |
| 9/17/14 | Conference call with Mr. D'Agostino and Fifth Third Bank to discuss its holding claim previously assigned to Vital Recovery and verifying claim amount | 0.4 | 180.00 |
| 10/14/14 | Review update memorandum from counsel for Ms. Procaccio | 0.1 | 45.00 |
| 12/2/14 | Court continued status on turnover complaint | 0.8 | 360.00 |
| 1/7/15 | t/c w/ Tony D'Agostino to review his progress with Fifth Third Bank on settling its claim against Ms. Procaccio, to enable Ms. Procaccio to agree to Chicago Title's turnover of funds to the bk estate | 0.2 | 90.00 |
| 1/7/15 | Court on continued status - report to Court on expected resolution | 0.8 | 360.00 |
| 1/16/15 | t/c with Mr. D'Agostino to discuss status of his negotiations with Fifth Third Bank over their filing amended claim and Ms. Procaccio's agreement to Chicago Title's turnover of sales process to the trustee | 0.4 | 180.00 |
| 2/23/15 | t/c w/ Tony D'Agostino to obtain update on his negotiations with Fifth Third Bank settling with Ms. Procaccio and her stipulation to Chicago Title turning 70% sale proceeds to the Trustee | 0.1 | 45.00 |
| 2/24/15 | Court – continued status on turnover complaints | 0.6 | 270.00 |
| 3/11/15 | Court – status on turnover proceeding | 0.5 | 225.00 |
| | **TOTAL BILLING** | **12.8** | **$5,725.00** |

Exhibit iii

# Bruce E. de'Medici
## Attorney at Law
17W703 Butterfield Road, #G
Oakbrook Terrace, Illinois 60181
Telephone: 312.731.6778
Email: bdemedici@bdmlawgroup.com

### David R. Herzog/trustee
### Trent Stephen Castle

4/5/15        INVOICE - FEE APPLICATION

| Date | Description | Time | Billing |
|---|---|---|---|
| 4/4/15 | Draft fee application | 1.8 | $810.00 |
| 4/5/15 | Edits to fee application | 0.3 | $135.00 |
|  | **TOTAL BILLING** | **2.1** | **$945.00** |

Herzog/Castle                                    1                              Fee Application